IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

C.F.B., a minor,                                    )
By and through her next friend            )
TERRI E. BAKER                               )
                                                           )
                      *Plaintiff*,                      )
                                                           )
v.                                                         )          Case No. 16-cv-02645-CM-GLR
                                                           )
THE BOARD OF COUNTY COMMISSIONERS    )
OF JOHNSON COUNTY, KANSAS, et al.,    )
                                                           )
                      *Defendants*.                   )

## PROTECTIVE ORDER FOR DOCUMENTS, INFORMATION, AND MATERIALS

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because:

A.       Plaintiff has filed this action against the Defendants pursuant to 42 U.S.C. § 1983, alleging she was unlawfully seized by Defendants on Sept. 2, 2015.

B.       Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the parties anticipate exchanging sensitive discovery responses, including: confidential employment records and other

1

documents that include the parties' personal information and the personal information of state actors involved; restricted and confidential information from third-party law enforcement databases (KCJIS and REJIS); and relevant policies and procedures of the Sheriff's Office

C.      The Parties acknowledge and agree, and the Court finds, that these documents may contain some information of a confidential and protected nature as they may: (1) reveal sensitive personal information about Plaintiff or the Sheriff's officers; (2) disclose with particularity what information about citizens is maintained by the Kansas Criminal Justice Information Systems and the Regional Justice Information Service; (3) reveal specific and important information about the strategies and techniques law enforcement officers use to secure buildings and manage its detention centers; (4) disclose personal employment and training information with respect to individually identified officers; and (5) disclose important policies about investigating suspected criminal activity.  If made available to the general public, each of these issues may result in one or more of the following negative consequences:

    i.     place the parties at risk of harassment, retribution, embarrassment, or physical harm;

    ii.    loss of access to third-party law enforcement databases for unprotected dissemination of data;

    iii.   provide criminals with important information to help avoid detection or conceal crimes; and

    iv.    create internal employment issues for the Sheriff's Office.

Protecting the documents for these reasons in no way disrupts or inhibits litigating the issues Plaintiff has raised in this suit.

WHEREFORE, for good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties joint request for protective order and hereby enters the following Protective Order:

1.      **Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "Confidential Information") are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.      **Definition of Confidential Information.**  As used in this Order, Confidential Information is defined as information that the producing party designates in good faith that has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. Confidential information will not include documents and materials previously obtained by Plaintiff or Linus Baker under the Kansas Open Records Act. For purposes of this Order, the parties will limit their designation of Confidential Information to the following categories:

   i.   **JCSO investigation file notes (with the exception of any such documents produced under the Kansas Open Records Act);**

   ii.  **KCJIS/REJIS/KDOR, NCIC, or any similar information from third-party law enforcement databases;**

   iii. **Employment records of parties or other Sheriff's Office personnel (including any Professional Standards Unit investigation documents or information);**

   iv.  **Medical or educational records of any party or Johnson County employee;**

      v.      **Tax returns or any financial information of any party or Johnson County employee;**

     vi.     **The Sheriff's protected policies and procedures which are not open record (e.g. policies related to buildings, detention centers, or security of persons or property);**

    vii.    **Privilege logs and/or privileged communications or documents;**

   viii.    **Any other category of documents the parties (or the court, on motion by a party) subsequently agree should be subject to this Order.**

Information or documents that are available to the public may not be designated as Confidential Information.

**3.**     **Form and Timing of Designation.**    The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" include electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time of the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.  By marking a designated document as confidential, the designating attorney thereby certifies that the document contains Confidential Information as defined in this Order.

4

4.      **Inadvertent Failure to Designate.**   Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within 7 days after discovery of the inadvertent failure.

5.      **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within 10 days after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected and should refer to the specific page number(s).

6.      **Protection of Confidential Material.**

(a)      **General Protections.**   Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, or any other related legal proceeding brought by one of the parties to this litigation.

(b)      **Who May View Designated Confidential Information.**   Except with the prior written consent of the designating party or prior order of the court, designated Confidential Information may only be disclosed to the following persons:

(1)      The parties to this litigation;

(2)      Counsel for the parties, employees and agents of counsel, and representatives and agents of Defendants' insurance carrier or administrators;

(3)      The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)      Court reporters, recorders, and videographers engaged for depositions;

(5)      Any mediator appointed by the court or jointly selected by the parties;

(6)     Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7)     Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

(8)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(10)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

**(c)     Control of Documents**.   The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.

**7.     Filing of Confidential Information**.   In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be

filed under seal.  The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.  *Pro hac vice* attorneys must obtain sealed documents from local counsel.

8.      **Challenges to a Confidential Designation.**  The designation of any material or document as Confidential Information is subject to challenge by any party.  Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality.  Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

9.      **Use of Confidential Documents or Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information.  The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10.     **Obligations on Conclusion of Litigation.**

(a)      **Order Remains in Effect.**  Unless otherwise agreed or ordered, all

7

provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b)** **Return of Confidential Documents.** Within <u>60 days</u> after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

**(c)** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

**11.** **Order Subject to Modification**. This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**12.** **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.

Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

13.     **Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

14.     **Jurisdiction.**  The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case.  But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

15.     **Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

16.     **Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party, and if the material fits within the definition of Confidential Information stated in Paragraph 2.

17.     **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.

9

Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

18. **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.**   The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited, to information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date.  Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the

10

producing party within 5 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection.  Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.  The provisions of this section constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated this 27th of July, 2017

*s/Gerald L. Rushfelt*
Honorable Gerald L. Rushfelt
United States Magistrate Judge

Submitted by:

FERREE, BUNN, RUNDBERG,
& RIDGWAY, CHTD.

*s/ Brett T. Runyon*
Kirk T. Ridgway KS Bar No. 17172
Brett T. Runyon KS Bar No. 26195
Attorneys for Defendants
Ferree, Bunn, Rundberg, Radom & Ridgway, Chtd.
9393 W. 110th Street, Suite 200
Overland Park, Kansas 66212
Telephone No. (913) 381-8180
Facsimile No. (913) 381-8836
kridgway@fbr2law.com
brunyon@fbr2law.com

AND



By: */s/   Benjamin R. Prell*
Matthew T. Geiger      KS # 19205
Benjamin R. Prell      KS # 21244
10000 College Boulevard, Suite 100
Overland Park, Kansas 66210
913-661-2430 (telephone)

913-362-6729 (facsimile)
mgeiger@geigerprell.com
bprell@geigerprell.com
ATTORNEYS FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| C.F.B., a minor, | ) | |
| By and through her next friend | ) | |
| TERRI E. BAKER | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Case No. 16-cv-02645-CM-GLR |
| | ) | |
| THE BOARD OF COUNTY COMMISSIONERS | ) | |
| OF JOHNSON COUNTY, KANSAS, et al., | ) | |
| | ) | |
| *Defendants.* | ) | |

ACKNOWLEDGEMENT AND AGREEMENT TO TERMS OF PROTECTIVE
ORDER FOR DOCUMENTS, INFORMATION AND MATERIAL

1.      I, undersigned, acknowledge that I have read and that I understand the Protective

Order for Documents, Information and Materials entered into in this action and hereby agree to

be bound by, and abide by its terms and conditions.

2.      I agree to return upon request, at the conclusion of this litigation or upon

termination of my engagement or involvement, all Confidential Information that comes into my

possession (as well as all documents which I have prepared related to such Confidential

Information) to the attorneys by whom I was engaged.

_____/_____/_____
Date

_____
Signature


_____

_____
Printed Name, Phone & Email Address

**EXHIBIT A**
*Protective Order for Documents,
Information and Material*

13