IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

C.F.B.,  a minor, by and through her next friend,
TERRI E. BAKER

        Plaintiff,

        v.

CALVIN HAYDEN, et al.

        Defendants.

Case No. 16-CV-2645-CM-GLR

## MEMORANDUM AND ORDER

Before the Court is Defendants' Motion for Medical Examination.[1] Defendants ask the Court to order a medical examination of the plaintiff, C.F.B., pursuant to Fed. R. Civ. P. 35, outside the presence of any third party. Defendants also request the examination take place at the office of defense counsel and that the examination last up to two hours.

Plaintiff does not oppose the requested examination. But she requests that a third party observer, namely her therapist, be present; that the examination take place at her therapist's office; and that the examination be limited to no more than one hour. Defendants have agreed to conduct two, separate one-hour examinations if necessary, as opposed to one two-hour examination. For the reasons set forth below, Defendants' motion is granted in part and denied in part.

I.     **The Presence of a Third-Party Observer During the Examination**

Defendants argue the presence of a third party during the examination would be inconsistent with professional standards and could diminish the accuracy of the examination

---

[1] ECF 66.

process. Defendants cite *Hertenstein v. Kimberly Home Health Care, Inc.*[2] to support their position.[3]  Plaintiff also cites *Hertenstein* to argue that the presence of a third party is warranted in this case, because of fear that the examiner will improperly conduct the examination and because of a need for emotional support or comfort for C.F.B.[4] Both parties agree Plaintiff carries the burden to convince the Court that the presence of a third person is warranted.[5]

Whether the Court allows the presence of a third person "depends on the facts of the case."[6] When deciding if a third person should be allowed in the room during an examination, "'[t]he appropriate inquiry is whether special circumstances are present which call for a protective order tailored to the specific problems presented.'"[7]

Based on the facts in this case, the Court finds the presence of a third person to be at least appropriate, if not necessary, for a child of still tender years. Plaintiff is five years old. At the time of the alleged incident giving rise to this, she was only three years old.  The facts already suggested by the pleadings and evidence suggest she was physically and unexpectedly picked up by a law enforcement officer, apparently unknown to her, and momentarily carried away from the premises of her home. These facts are sufficient to confirm that the presence of another adult, whom she knows, would be consistent with the principles set forth in its ruling in *Hertenstein*. Although the Court denied the plaintiff's request for a third person to be present in *Hertenstein*, it specifically noted that the plaintiff in that case was not a child.[8] The Court further suggested that, while the presence of a third person during a physical examination may be

---

[2] 189 F.R.D. 620 (D. Kan. 1999).
[3] *See generally* ECF 66 and ECF 71.
[4] *See generally* ECF 70.
[5] *Hertenstein*, 189 F.R.D. at 630.
[6] *Id.*
[7] *Id.* at 634 (quoting *Tirado v. Erosa*, 158 F.R.D. 294, 299 (S.D.N.Y. 1994)).
[8] *Id.*

warranted in appropriate circumstances, it would rarely be warranted during a mental examination "*in the absence of a child* or similar dependent examinee."[9]

Other courts have reached a similar conclusion. In *Gohl v. Livonia Public Schools*,[10] the plaintiffs were all young children (ages six to nine years old) with cognitive disabilities, such as Down syndrome. The plaintiffs requested their parents be present during the examinations. The Court held the plaintiffs had demonstrated a special need to allow the presence of a third-party observer due to their young ages and cognitive disabilities. Although Plaintiff does not assert cognitive disabilities like the children in *Gohl*, her young age alone is sufficient for the Court to find a special circumstance to justify the presence of a third person to provide her with emotional comfort and support. The proposed duration of one to two hours for the examination, moreover, supports a finding that it is appropriate for another person to attend with Plaintiff, i.e. someone who, unlike the examiner, is not a complete stranger to her.

The Court does not suggest the presence of a third person to be necessary out of any fear that the proposed examiner, Dr. Milfred "Bud" Dale, will improperly conduct the examination. Defendants have shown that Dr. Dale received a Master's degree and Ph.D. in developmental and clinical child psychology, has interviewed approximately 600 children since 1989, has conducted more than 6,000 therapy sessions with children, and has never had a complaint filed against him with the Kansas Behavioral Sciences Regulatory Board.[11] Finding that a third person may be present during the examination arises from the special need created by Plaintiff's young age as well as the proposed duration of either one or two hours for the examination, and not because of any fear that the examiner is improper or will conduct an improper exam.

---

[9] *Id.* (emphasis added).
[10] 2015 WL 1469749 (E.D. Mich. March 30, 2015).
[11] *See generally* ECF 66-2 and ECF 71-1.

Although the motion is for a "medical examination," the Court assumes the intent of the parties is for a psychological examination of the minor Plaintiff.  The Court finds nothing to suggest that Dr. Dale is a physician.

As for who specifically may be present during the examination, Plaintiff has requested her therapist, Adrienne Dreher Benson, be the passive observer.[12] Because Plaintiff did not suggest that one of her parents or grandparents serve as potential observer, there is nothing from which the Court can determine whether or not a family member would be more appropriate or helpful to the examination. The Court is further unaware as to whether any of these family members would be available to attend it. The Court has not determined the suitability or availability of a family member, therefore, to attend the examination. The Court notes that Ms. Benson should fulfill the need for a passive observer and attendant, however, present for the comfort and personal need of the child, and not to interfere with the examination.[13]

## II.    The Location of the Examination

Defendants propose that the examination proceed at defense counsel's office; inasmuch as Dr. Dale is located in Topeka and does not have an office in Johnson County.[14] Plaintiff proposes the examination to proceed at Ms. Benson's office, so that Plaintiff will feel more comfortable, as she has previously visited there.[15]

The Court finds the presence of Ms. Benson during the examination should be of benefit to Plaintiff, who will be in an unfamiliar setting or environment. Therefore, Defendants may choose whether the examination will take place at either defense counsel's office or at Ms.

---

[12] *See generally* ECF 70.
[13] *Gohl*, 2015 WL 1469749 at *4.
[14] *See generally* ECF 66 and ECF 71.
[15] *See generally* ECF 70.

Benson's office. At either location, as previously discussed, only Dr. Dale, Plaintiff, and Ms. Benson should be present during the examination.

### III.     The Length of the Examination

Defendants request a maximum of two hours to conduct the examination.[16] Plaintiff seeks to limit the examination to no more than one hour.[17] Defendants have previously offered to divide the examination into two sessions of one hour each.

The Court agrees that two hours at one time would be unreasonable or at least difficult for a five-year-old child. The Court finds that the examination may be divided into a maximum of two, one-hour sessions.  The parties are apparently able to agree as to the date(s) and time(s) for the examination.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Medical Examination (ECF 66) is granted in part and denied in part.  As authorized by Fed. R. Civ. P. 35, Defendants may conduct a psychological examination of the minor Plaintiff C.F.B. by Dr. Milfred Dale, licensed psychologist, to proceed at the office of defense counsel or, if Defendants agree, at the office of Ms. Adrienne Dreher Benson, therapist of the Plaintiff. The motion is further granted to allow the examination to proceed for a period of one hour and, if deemed necessary by the examiner, for a second session of no more than one hour.  The examination shall proceed on date(s) and time(s) to which all parties agree.

**IT IS FURTHER ORDERED THAT** the motion is **denied** with regard to the objection by Defendants to the presence of another person at the examination.  To accommodate the personal and emotional needs of a minor plaintiff for protection and comfort, her therapist,

---

[16] *See generally* ECF 66 and ECF 71.
[17] *See generally* ECF 70 and ECF 70-1.

Adrienne Dreher Benson, may attend the examination to provide personal attention and comfort as may be appropriate and necessary for the well being of the minor Plaintiff C.F.B.

Dated January 16, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge